Curia, per Eva:ns, J.
It is conceded that if the debtor had been arrested on a ca, sa, the sheriff would be liable. According to all the authorities nothing will excuse the sheriff, if a prisoner arrested on final process be at large, but a rescue by the public enemy, the act of God, or a discharge by due course of law. Such imprisonment is one of the means of enforcing the judgment of the Court, to compel the payment of the debt, or an assignment of the debtor’s property. But on mesne process, when no debt or damages have been established, the law allows of bail process as a mere security that the body of the debtor shall be forthcoming at the return of the writ to answer to the plaintiff’s action. Every indulgence, therefore, consistently with this object, may be lawfully extended to the prisoner. It is laid down in 3 Bac. Ab. last Am. ed. title Escape in Civil Process, D. P. 404. “ After an arrest on mesne process the jailor may suffer the prisoner to go at large, provided he have him at the return of the writ, but if a defendant taken in execution be seen at large, for any, the shortest time even before the return of the writ, the *207 sheriff will be chargeable for an escape ; for it is his duty to obey the writ; and the writ commands him to take the body of the defendant and him safely keep, so that be have the bo-1 dy to satisfy the plaintiff.” In Lewis v. Borland, it is said an attachment for not paying over money is in the nature of mesne process and the sheriff is not liable for an escape in permitting the defendant to go at laige, provided he have him at the return of the writ. As to indulgence to a prisoner on mesne process, all the authorities agree, but all annex the proviso that the sheriff have the body at the return of the writ, or its substitute, the bail bond, which he is required by the Stat. 26 H. 6, c. 10, to take. I have looked through most of the cases on the liability of the sheriff for escape, and I no Avhere find any intimation that it is any excuse for the sheriff that the defendant on mesne process escaped out of his possession by force or fraud, except in the case of rescue by others. If the prisoner be forcibly taken from him, this will excuse in mesne process, although it will not on final process ; and the reason assigned is that in one case he should call the posse commitatus to his aid, in the other may not. The sheriff’s liability, in none of the cases, is made to depend on the question of diligence or negligence. He may be as indulgent as he pleases to the defendant. He may even put in bail for him, but at the return of the writ he must produce the body or the bail bond. In the argument in the case of Plumtree it is assumed as law, that the only sufBcient excuse which the sheriff can have for not bringing in the body, is the bail bond, which in that case he was allowed to put in himself before the return of the rule. — And it does seem to me, on a full examination of the authorities, that this is the law by which this case is to be decided. The facts as proved on the trial were that the prisoner, by false representations, induced the sheriff to grant him certain indulgences, of which he availed himself to escape. It might admit of doubt, if the case depended on negligence or vigilance, whether, after the notice that the defendant was about removing, the sheriff’s deputy did use every prudent precaution to prevent it. The plaintiff has no right to complain of the indulgence shewn to the prisoner. The law allows it not at the risque of the plaintiff’s responsibility. If it were necessary to assign a reason for this principle a sufficient one will be found in the fact, that after the arrest the prisoner is in the sole custody and possession of the sheriff and his assistants. In general none others could be called to prove how an escape was effected. It would be easy, by concert, to effect an escape, with the outward shew of much diligence to prevent it. The position of a sheriff is like that of a carrier, who for similar reasons is held to the strictest accountability. It is said that to hold the sheriff liable where he has been guilty of no negligence is *208 against the spirit of the age. I know that to some every species of restraint on personal liberty to enforce legal liabilities is looked upon as a remnant, of a barbarous age. It may be so, but this Court has no power to make the law. I may be permitted, however, to say, that the harshness of the ancient law, so far as the debtor is concerned, has been almost entirely repealed. The object of imprisonment as now regarded is to compel the debtor to pay the debt or to surrender his effects to his creditor: and if he be honestly minded to do so, he may, by an assignment of his estate, be discharged, with very little restraint on his personal liberty. The motion for a new trial is granted.
Richardson and O’Neall, JJ. concurred.

Motion granted.